PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
F I L E D

JUL 17 2019

IN THE UNITED STATES DISTRICT COURT

David J. Bradley, Clerk of Court

FOR THE  Southern  DISTRICT OF TEXAS

Houston  DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Nathan Lee Wenzel
PETITIONER
(Full name of Petitioner)

T.D.C.J. Ellis Unit
CURRENT PLACE OF CONFINEMENT

vs.

2075800
PRISONER ID NUMBER

Brian Collier, Exec. Dir.
RESPONDENT       T.D.C.J.
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_____
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [ ] A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- [x] A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _In the 258th District Court of Polk County, Texas_

2. Date of judgment of conviction: _May 13, 2016_

3. Length of sentence: _11 years_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _Cause No. 24626 Incident No./TRN: 9217755680A001_

Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)   ☐ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☐ No

8. Did you appeal the judgment of conviction?   ☐ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   _____   Cause Number (if known): _____

   What was the result of your direct appeal (affirmed, modified or reversed)? _____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _____

   _____

   Result: _____

   Date of result: _____   Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.  Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

   (a)  If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b)  Give the date and length of the sentence to be served in the future: _____

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☒ No

16. Are you eligible for release on mandatory supervision? ☒ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: Ellis Unit 1697 FM 980 Huntsville, Tx. 77343

    Disciplinary case number: 20190207666

    What was the nature of the disciplinary charge against you? Threat

18. Date you were found guilty of the disciplinary violation: May 1, 2019

    Did you lose previously earned good-time days? ☒ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: 15 Days

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: 45 Days Recreation Restriction 45 Days Commissary Restriction Reduction in custody G2 to G4 and S4 to Line 1

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☒ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: No Errors - No Further Action Warranted

Date of Result: May 14, 2019 - Denied

Step 2 Result: No Errors - No Further Action Warranted

Date of Result: May 31, 2019 - Denied

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Protected Liberty Interest

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

By taking 15 Days Good Time and dropping my time earning class from SAT-4 to Line 1 it changed my Mandatory Supervision Release Date from April 16, 2021 to June 18, 2021 (2 months and 2 days)

B. **GROUND TWO:** Negligent Investigation

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was new to the Unit at time of offense and didn't really know anyones names to claim witness to incident, But if incident and my claim were investigated - there was a whole chapel full of people who will verify that I did not threaten Officer.

C. GROUND THREE: Prejudiced Hearing officer (Charging officer lied during hearing)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Even after charging officer C.O. Hopkins contradicted my witness: Sgt. Simmons By stating that she notified Sgt. Simmons upon her arrival on scene that I threatened her, when she didn't. (Shows her lack of integrity)

D. GROUND FOUR: Cruel and Unusual Punishment and Retaliation

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In charging officer's own statement she says I was begging her to use the restroom and she would not let me. She said she didn't care and when she found out I was not going to get in trouble. She made up the Threat.

21. Relief sought in this petition: I pled not guilty, because I am not guilty of this accusation. I would like this case to be overturned and I be given one custody level, one trusty class and my good time of 15 days lost to be restored. And for this case to be expunged from my record. And to not suffer further retaliation.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☑ No If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☑ Yes ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

The Protected Liberty Interest — Because I didn't know I had this ground for appeal?

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

(g)   On appeal from any ruling against you in a post-conviction proceeding: _____

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__July, 15, 2019__ (month, day, year).

Executed (signed) on __7-15-19__ (date).

*Nathan Lee Wenzel*
Signature of Petitioner (required)

Petitioner's current address: __Ellis Unit  1697 FM 980__
__Huntsville, Tx. 77343__



**Texas Department of Criminal Justice**

# STEP 2  OFFENDER GRIEVANCE FORM

GB-03-16B

Offender Name: Nathan Wenzel   TDCJ # 2075800
Unit: Ellis   Housing Assignment: B2-2-11-B
Unit where incident occurred: Ellis

**OFFICE USE ONLY**
Grievance #: 2019117084
UGI Recd Date: MAY 22 2019
HQ Recd Date: MAY 30 2019
Date Due: 06-21
Grievance Code: 410
Investigator ID#: 287
Extension Date: _____

25 JUN 2019

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).**   I am dissatisfied with the response at Step 1 because...

There was not sufficient evidence to find me guilty. It was only Officer Hopkins word. If you were to review tape Officer Hopkins lied on tape. When asked if she alerted Sgt. Simmons that I had threatened her C.O. Hopkins stated that she had in fact said that I threatened her. And when Sgt. Simmons gave testimony she stated that C.O. Hopkins had not told her that I had threatened her and that had not indicated at all that she felt threatened. That is a lie right there. And if you call the whole chapel in to testify on either mine or CO Hopkins behalf the story would be the same. That I was begging C.O. Hopkins to please let me use the restroom. I had already messed myself. There is no toilet in Chapel. C.O. Hopkins was being vindictive and unprofessional and when I asked for Sgt. to go over her head she became bitter and hostile. The tape proves she lied and I could call the whole chapel who attended services on

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

4-25-19 P.M. And nobody will tell you I had threatened Officer Hopkins. They will tell you I was begging to go to toilet. And CO. Hopkins saying no and she didn't care if I had go to toilet. I am not guilty of this offense.

**Offender Signature:** Nathan Wey #2075800   **Date:** 5-21-19

**Grievance Response:**

Disciplinary Case #20190207666 and all related investigative documentation has been reviewed. The investigation finds that sufficient evidence was presented to support the 4.0 charge and finding of guilt. All due process requirements were satisfied and the punishment imposed was within agency guidelines. No further action warranted by this office.

**Signature Authority:** B. BARNETT  BBarnett   **Date:** 5-31-19

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission** _____ CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission** _____ CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission** _____ CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)   Appendix G

Accept As Original
Written in Pencil

**Texas Department of Criminal Justice**

# STEP 1 OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: 2019117054 |
| Date Received: 0 2 MAY 2019 |
| Date Due: 6-1-19 |
| Grievance Code: 410 |
| Investigator ID #: 2607 |
| Extension Date: |
| Date Retd to Offender: 1 7 MAY 2019 |

Offender Name: Nathan Wenzel   TDCJ # 2075800   B2-2-11
Unit: Ellis   Housing Assignment: P.H.D. F-17
Unit where incident occurred: Ellis

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Capt. Strickland   When? 5-01-19
What was their response? To find me guilty
What action was taken? 45 Recreation, 45 Comm - S4 to L1, 15 day Loss of Good Time

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I am appealing the Guilty Verdict on case # 20190207666. It was clear in Officer Hopkins testimony that she lied. She stated that she did in fact alert Sgt. Simmons that I had threatened her when Sgt. Simmons arrived on scene. Sgt. Simmons testified that CO Hopkins did not tell her that she was threatened. In Sgt. Simmons testimony she stated that CO Hopkins told her that I wouldn't sit down and then later CO. Hopkins went to a Lt. and told that she had been threatened. Why would she need to go to Lt. to tell that she had been threatened if she had alerted Sgt Simmons at scene? If you were to ask her exactly when I allegedly threatened her. Her story would not match what she testified at hearing. It's clear that this Officer Hopkins is not being truthful. I did not tell her "I would kick her ass" as she claims. This is a fabrication made up out of spite and anger because she knew she was wrong for denying me a toilet to

0 2 MAY 2019

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

use #2 and to clean myself and I would not submit to her authority and asked for Sgt. or Lt. to go over her head. She knew she had no legal claim against me because I had done nothing wrong. So she fabricated a lie and went to Lt. over Sgt. Simmons head to make sure she could get revenge on me. Her integrity is in question and has been exposed as faulty. 0 2 MAY 2019

**Action Requested to resolve your Complaint.** For reversal in guilty verdict to show Not Guilty, No Retaliation.

**Offender Signature:** Nathan Weryl    0 2 MAY 2019   **Date:** 5-01-19

**Grievance Response:**

Major Disciplinary Case #20190207666 has been reviewed and no procedural errors were noted. It appears that there was sufficient evidence to support a finding of guilt. The punishment imposed was within the established guidelines; therefore, there is no apparent reason to warrant overturning this case. No further action is warranted by this office.

Asst. Warden
R. Jenkins

**Signature Authority:** N/R    **Date:** 5/14/19

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

| OFFICE USE ONLY |
| --- |
| Initial Submission       UGI Initials:_____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |
| 2nd Submission       UGI Initials:_____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |
| 3rd Submission       UGI Initials:_____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |

I-127 Back (Revised 11-2010)

Appendix F

Nathan Lee Wenzel (#2075800)
Ellis Unit
1697 FM 980
Huntsville, Tx. 77343

United States Courts
Southern District of Texas
FILED
JUL 17 2019
David J. Bradley, Clerk of Court

The United States District
Southern Division District
Houston Division
P.O. Box 61010
Houston, Texas 77208